UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DEMETRIUS ALEXANDER BROWN, ) | Civil Action No.: 4:14-cv-4191-TMC-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | |
| ) | |
| DIR. SIMON MAJOR, MAJ. McGHANEY, ) | |
| CAPT. THERESA RAY-LEE, CAPT. ) | **ORDER** |
| GILLIARD, LT. C. KELLY, LT. ) | |
| McMILLAN, SGT. SWEAT, SGT. ) | |
| REDDICK, SGT. CUSANDRA WILSON, ) | |
| CPL. T. MOORE, OFC. L. McFADDEN, ) | |
| OFC. B. PATTON, OFC. G. DILLARD, ) | |
| OFC. MEREWEATHER, OFC. OAKS, ) | |
| OFC. STREETER and OFC. VAUGHN, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. Presently before the court is Plaintiff's Motion for Access to Law Library (Document # 20) and Motion for Issuance of Subpoena (Document # 45). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

When Plaintiff filed his motion for access to a law library, he was being detained at the Sumter-Lee Regional Detention Center. He has since filed a notice of change of address, indicating he is no longer incarcerated. Therefore, his motion is moot.[1]

In his motion for subpoena, Plaintiff asks the court to provide him with a subpoena duces

---

[1] In addition, local jails, designed for temporary detainment, are generally not required to have a law library. Magee v. Waters, 810 F.2d 451, 452 (4th Cir.1987).

tecum to the Sumter-Lee Regional Detention Center to produce certain documents. Defendants filed a response in opposition to Plaintiff's motion, arguing that the documents requested by Plaintiff are outside the scope of discovery . However, a party does not have standing to challenge a subpoena issued to a non-party unless the party claims some privilege in the information sought by the subpoena. See U.S. v. Idema, 118 Fed.Appx. 740, 744 (4th Cir.2005) (citing Hertenstein v. Kimberly Home Health Care, Inc., 189 F.R.D. 620, 635 (D.Kan.1999); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (1995)). Defendants do not argue that they have any sort of privilege in the documents sought by Plaintiff. Therefore, this argument is without merit.

Defendants also argue that Plaintiff's motion should be denied because he is proceeding in forma pauperis and has not shown an ability to pay the costs associated with the issuance of a subpoena. Plaintiff must indicate an ability to pay such costs. The clerk of court is directed to send an unsigned blank subpoena form to the Plaintiff. Plaintiff shall appropriately complete the form and return it to the court for review within ten days of the date of this order. Once the subpoena form has been appropriately completed, returned and reviewed by the court, if appropriate, it will be signed and returned to Plaintiff for prompt service upon the third-party. Plaintiff should be precise as to the documents requested and must show an ability to pay any associated costs.

For the reasons discussed above, Plaintiff's Motion for Access to Law Library (Document # 20) is moot and Motion for Issuance of Subpoena (Document # 45) is granted.

**IT IS SO ORDERED**.

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

June 30, 2015  
Florence, South Carolina